1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                      CENTRAL DISTRICT OF CALIFORNIA

10   ANDREW KRAMER,                    )   CASE NO. CV 16-1752-R (PJW)
                                       )
11                  Plaintiff,         )   ORDER DISMISSING ACTION FOR
                                       )   FAILURE TO PROSECUTE
12          v.                         )
                                       )
13   LOS ANGELES COUNTY SHERIFF        )
     JIM MCDONNELL, ET. AL.,           )
14                                     )
                    Defendants.        )
15                                     )
                                       )
16   _____ )

17        Before the Court is a pro se civil rights action in which

18   Plaintiff, a prisoner at the Men's Central Jail in Los Angeles,

19   California, alleges that Defendants are mistreating him at the jail.

20   For the following reasons, the Complaint is denied and the action is

21   dismissed without prejudice.

22        Plaintiff contends, among other things, that Defendants

23   reclassified him without a hearing, denied him kosher meals, took away

24   his items of worship, prevented him from communicating with others,

25   and housed him in unsanitary conditions.  (Compl. at ¶ 7.)  Upon

26   screening the Complaint, it became clear that Plaintiff had not

27   exhausted his administrative remedies.  As he points out in the

28

Complaint, he filed a grievance in February and, when he did not hear back from jail officials in March, he filed suit.  (Complaint at ¶ 8.)

On March 21, 2016, the Court issued an order to show cause, requiring Plaintiff to inform the Court no later than April 25, 2016 whether he had exhausted his claims before filing suit.  Plaintiff failed to respond.  The Court then issued a second order to show cause, giving Plaintiff a until June 6, 2016, to respond and warning him that, if he failed to respond, his case would be dismissed.  Plaintiff has yet to respond to the Court's orders.

A district court has the authority to dismiss an action for failure to prosecute and/or for failure to comply with its orders.  Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962) (explaining district court has authority to dismiss for failure to prosecute to prevent undue delay in disposing of pending cases and to avoid congestion in court's calendar); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (finding district courts have authority to dismiss actions for failure to comply with any order of the court).  In determining whether dismissal is appropriate, the Court considers five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Ferdik*, 963 F.2d 1258 at 1260-61.

In this case, the first two factors--the public's interest in expeditious resolution of the case and the court's need to manage its docket--weigh heavily in favor of dismissal.  Plaintiff's refusal to

2

comply with the Court's orders have caused this case to linger on the docket.

As for the third factor--prejudice to the defendants--it appears that Defendants have not yet been served so they may not even be aware that they are being sued and probably have retained counsel to represent them.  However, there is still prejudice to them because, as time goes by, memories of the events will likely begin to fade, which could impair their ability to defend against the case in the future.

Although the fourth factor--the public policy in favor of resolving cases on the merits--ordinarily weighs against dismissal for failure to prosecute, it is Plaintiff's responsibility to move this case along and he has elected not to. *Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991).

Finally, as to the fifth factor--the availability of less drastic alternatives--the Court has considered alternative sanctions but is unable to conceive of a sanction that would encourage Plaintiff to respond.  It has already threatened Plaintiff with dismissal, but he was unmoved. *Ferdik*, 963 F.2d at 1262 (citing *Malone v. U.S. Postal Service*, 833 F.2d 128, 132-33 (9th Cir. 1987)) (explaining, warning a plaintiff that failure to obey a court order will result in dismissal of the case is enough to meet the "consideration of alternatives" requirement).  Further, because Plaintiff is incarcerated and indigent, monetary sanctions would be fruitless.

Under these circumstances, dismissal is warranted. *See Link*, 370 U.S. at 629-30.  As such, the action is dismissed without prejudice

1  for failure to respond to the Court's orders to show cause and for

2  failure to prosecute.

3      IT IS SO ORDERED.

4      DATED:    June 17, 2016

5

6

7  _____

8  HON. MANUEL L. REAL
   UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21  Presented by:

22

23  _____

24  PATRICK J. WALSH
    UNITED STATES MAGISTRATE JUDGE

25

26

27

28

4